IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>JOHN S. CLABAUGH, JR.,<br><br>                      Defendant. | 4:12-CR-3046<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. Clabaugh has objected to the amount of restitution recommended in the PSR, and filed a motion for a variance. Filing 41.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    Clabaugh has objected to the restitution calculation set forth in the PSR. Filing 41; PSR at ¶ 109. Clabaugh was charged with 19 counts of failing to pay over withholding and Federal Insurance Contribution Act (FICA) taxes, in violation of 26 U.S.C. § 7202. Filing 1. The indictment alleged violations occurring from 2006 to 2011, representing a total tax liability of approximately $135,328. Clabaugh pleaded guilty to count 10, which alleged that in the third quarter of 2008, Clabaugh failed to pay over approximately $13,615 to the Internal Revenue Service (IRS). Filing 33. In exchange, the government agreed to dismiss the remaining counts.

    Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) agreement, the parties also agreed that for purposes of calculating the offense level under the Guidelines, the IRS's total loss was $168,109.42. Filing 33 at 3. This figure represents the $135,328 total alleged in the indictment, plus an additional $32,779 from similar unpaid taxes which predate the indictment. In contrast, while Clabaugh acknowledged that restitution "will be ordered as a part of the sentence in this case," the parties did not agree on a specific amount of restitution. Filing 33 at 3. The probation office has suggested that Clabaugh may be ordered to pay a total of $220,517.11 in restitution to the IRS. PSR at ¶ 109 & p.20. This figure represents the $168,109.42 agreed upon by the parties for loss-calculation purposes, plus an additional $52,407.69 that Clabaugh failed to pay to the IRS as part of the separate employers' matching tax. PSR at ¶¶ 53, 55.

    Clabaugh first objects to the inclusion of the $52,407.69 in unpaid matching taxes. The government has agreed that this amount should not be included in the award of restitution, noting that while Clabaugh did fail to make these payments, this failure was not a crime. Filing 43 at 2. As the parties are in agreement on this point, the Court's tentative finding is that this portion of Clabaugh's objection has merit.[1]

    Clabaugh next argues that any award of restitution is unnecessary in this case, because the IRS retains full authority to

---

[1] And as the Court explains next, absent an agreement by the parties, there is no legal authority for including this amount in the order of restitution, because it is not a loss caused by the specific conduct underlying the offense of conviction.

pursue these unpaid taxes in a civil suit. Alternatively, he urges that if restitution is awarded, it should not exceed the amount charged in the indictment: $135,328. The Court is inclined to award restitution, even if the IRS may separately pursue civil remedies for the same loss. However, as the Court explains next, any award of restitution must be limited not only to the amount alleged in the indictment, but to the amount underlying the offense of conviction. Therefore, the Court's tentative finding is that Clabaugh's objection has merit, and that any award of restitution must be limited not only to $135,328, but to the amount alleged in count 10: $13,615.

The Court cannot order restitution unless authorized by statute. *United States v. Locke,* 643 F.3d 235, 246 (7th Cir. 2011); *United States v. Pescatore,* 637 F.3d 128, 139 (2d Cir. 2011); *United States v. Love,* 431 F.3d 477, 479 (5th Cir. 2005). Clabaugh correctly asserts that the Court may not (directly) order restitution under the Victim and Witness Protection Act ("VWPA") or the Mandatory Victims Restitution Act ("MVRA"), as these only apply to specific, enumerated offenses, which do not include offenses under Title 26. *See,* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(c)(1); *United States v. Perry,* 714 F.3d 570, 577 (8th Cir. 2013).

That said, the Court is separately authorized to award restitution as a condition of probation or supervised release. 18 U.S.C. §§ 3563(b)(2), 3583(d); *Perry,* 714 F.3d at 577 (citing *United States v. Hassebrock,* 663 F.3d 906, 923 (7th Cir. 2011)). Taken together, sections 3563(b) and 3583(d) state that the Court may order restitution for *any* offense, not only those enumerated in the VWPA and MVRA. *See United States v. Batson,* 608 F.3d 630, 633–34 & n.4 (9th Cir. 2010). More specifically, sections 3563(b) and 3583(d) state that the Court may award restitution under § 3556. That section, in turn, authorizes restitution "in accordance with" sections 3663 and 3663A. Therefore, while restitution may be awarded as a condition of probation or supervision for any offense, such restitution is still subject to other limitations imposed by the VWPA and MVRA.[2] *Batson,* 608 F.3d at 636–37; *United States v. Varrone,* 554 F.3d 327, 334 (2d Cir. 2009);

---

[2] It may be more accurate to say that such restitution is subject to the limitations imposed by the VWPA alone. The VWPA governs discretionary awards of restitution (such as those here), while the MVRA governs mandatory awards of restitution. *See United States v. Chalupnik,* 514 F.3d 748, 752 n.2 (8th Cir. 2008). However, for purposes of this case the distinction is purely technical—Congress has amended both statutes so that the provisions at issue are substantively identical. *Id.* at 752–53.

*United States v. Frith*, 461 F.3d 914, 919–20 (7th Cir. 2006); *United States v. Ross*, 2012 WL 4848876, at *3 (D.S.D. 2012).

Most importantly, subject to two exceptions, restitution orders are limited to losses caused by the specific conduct that is the basis of the offense of conviction. *Hughey v. United States,* 495 U.S. 411, 416 (1990); *United States v. Chalupnik*, 514 F.3d 748, 752 (8th Cir. 2008). Therefore, restitution may be awarded only to the victims of the offense of conviction, and a victim may not be compensated for conduct unrelated to the offense of conviction, even if that unrelated conduct was the subject of criminal charges dismissed by the government in exchange for the defendant's guilty plea. *Chalupnik*, 514 at 752. Nor does it matter that conduct falling outside the offense of conviction might be considered "relevant conduct" under the Guidelines; that inquiry is broader than, and distinct from whether restitution may be ordered. *Locke*, 643 F.3d at 247 n.7.

This limitation arises from the Supreme Court's decision in *Hughey*. In response, Congress added a definition of "victim" to the VWPA (and later, to the MVRA) that "retained the core limiting principle of *Hughey* but clarified its application to certain offenses and to plea agreements." *Chalupnik*, 514 F.3d at 752; *see also* §§ 3663(a)(2)–(3), 3663A(a)(2)—(3).

The relevant portion of the VWPA provides:

> (2) For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. . . .[3]
>
> (3) The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.

§ 3663(a)(2)–(3).

---

[3] Although the statute speaks of "persons," it is well settled that government entities and agencies, such as the IRS, may be considered victims for purposes of the VWPA and MVRA. *United States v. Senty-Haugen*, 449 F.3d 862, 865 (8th Cir. 2006); *see also United States v. Oceanpro Indus., Ltd.*, 674 F.3d 323, 331 (4th Cir. 2012).

In sum, restitution orders are limited to (1) losses caused by the specific conduct that is the basis of the offense of conviction; (2) losses caused by conduct committed during an offense that involves as an element a scheme, conspiracy, or pattern; and (3) restitution agreed to in a plea agreement. Here, the losses caused by the offense of conviction are limited to the losses alleged in Count 10 of the indictment: $13,615.

This case does not involve an offense which has as an element a scheme, conspiracy, or pattern. The Court examines the language of § 7202 to determine its elements. *United States v. Reynolds*, 432 F.3d 821, 822–23 (8th Cir. 2005); *see also, United States v. Espinoza*, 677 F.3d 730, 732–733 (5th Cir. 2012); *United States v. Kones*, 77 F.3d 66, 70 (3d Cir. 1996). Section 7202 states that "[a]ny person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax" shall be guilty of a felony. The statute does not require proof of a scheme, pattern, or conspiracy. Nor does it matter whether Clabaugh's conduct was, in fact, part of a scheme or pattern—the Court must look to the elements of the offense as set forth in the statute. *Reynolds*, 432 F.3d at 823.

That brings the Court to the final basis for awarding restitution: the parties' plea agreement. As noted above, § 3663(a)(3) provides that the court shall "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."[4] In this case, the parties' Rule 11(c)(1)(C) agreement provided "[t]he Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all victims, not just those pertaining to the count of conviction." Filing 33 at 3 (emphasis supplied). While not citing this particular clause, the government contends that the plea agreement authorizes an award of restitution in this case in the amount of the parties' agreed-upon loss calculation, $168,109.42.

However, the Court does not read this clause to authorize any additional restitution in this case. By its terms, the clause focuses on authorizing restitution to *all victims*, not for all losses caused by the defendant. In fact, this part of the plea agreement is a portion of boilerplate found in many plea agreements used in this district. And in a case with multiple victims, this clause makes sense. But in this case, the only victim is the IRS, and the clause is simply inapplicable. If the parties had desired to authorize an award of restitution to the IRS that

---

[4] Relatedly, § 3663(a)(1)(A) also provides that the Court "may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."

- 5 -

was not limited to the conduct underlying the offense of conviction, they could have so provided. But lacking an explicit agreement to that effect, the Court is without authority to order any additional restitution. *See United States v. Davis*, 714 F.3d 809, 815 (4th Cir. 2013). Accordingly, the Court's tentative finding is that Clabaugh's objection has merit, and any award of *restitution* must be limited to $13,615.

However, as the government correctly notes, the Court may require Clabaugh, as a condition of probation or supervised release, to comply with tax laws and cooperate with the IRS by filing tax returns and paying amounts due, including his delinquent taxes, and any associated interest and penalties. *United States v. Miller,* 557 F.3d 919 (8th Cir. 2009); *see also Perry,* 714 F.3d at 577 n.5. Such a condition is not the same as an order of restitution, and hence not subject to the same limits. *Miller,* 557 F.3d at 921. Instead, it amounts to an order that Clabaugh comply with the law. The parties are therefore advised that the Court is considering imposing such a condition on any sentence of probation or supervised release. The Court also welcomes any further briefing from the parties on this and any other issues related to restitution, all to be resolved at sentencing.

3. The defendant's motion for variance (filing 41) will also be resolved at the sentencing hearing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

- 7 -

6.     Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.     Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of July, 2013.

BY THE COURT:

_____
John M. Gerrard
United States District Judge